Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>    vs.<br><br>JAZZLYNN JEAN JOHNSON,<br><br>                   Defendant. | 2:20-CR-00053-WFN-1<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

The United States recommends the Defendant be sentenced to a term of 30 months imprisonment, followed by three years of supervised release. A sentence of 30 months is appropriate based upon the 18 U.S.C. § 3553(a) factors and is no greater than necessary to meet the interests of federal sentencing.

I.    <u>Background</u>

The United States requests an opportunity to file additional materials in response to any memorandum or factual assertions filed by the Defendant.

The United States relies on the summary of facts contained within the plea agreement. (ECF No. 227). The United States further relies on the facts contained within the United States Probation Office's ("USPO") draft Pre-Sentence Investigation Report ("PSIR"). (ECF No. 249).

## II.     Base Offense Level and Enhancements

The United States agrees the base offense level for Manufacture Counterfeit Obligations and Securities of the United States, pursuant to 18 U.S.C. § 471, is 9. *See* USSG §2B5.1(a). The United States further agrees the Defendant's base offense level is increased by six (6) additional levels because she manufactured or produced counterfeit obligations. *See* USSG §2B5.1(b)(3). Further, the United States also agrees the Defendant's base offense level is increased by an additional two (2) level for obstruction of justice. *See* USSG §3C1.1. The United States also agrees that the offense level should be decreased by 3 levels for the Defendant's timely acceptance of responsibility. *See* USSG §3B1.2(b).

The Defendant therefore has a total adjusted offense level of 14. The Criminal History Category as calculated by the USPO, which the United States agrees, is IV. Therefore, the United States calculates the Defendant has an advisory guideline sentencing range of twenty-seven (27) to thirty-three (33) months. Accordingly, the United States recommends a sentence of 30 months, followed by an agreed to three (3) year term of supervised release.

## III.     Departures

The United States does not seek an upward departure from the Advisory Guideline range.

## IV.     18 U.S.C. § 3553(a) Factors

The United States respectfully submits that a 30 month term of imprisonment, followed by a 3-year term of supervised release, would be a "reasonable" sentence under the facts and circumstances of this case and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

United States' Sentencing Memorandum- 2

The Defendant's criminal acts involved the manufacturing, possession, and passing of counterfeit U.S. currency. Such behavior is serious and is not without financial harm to others, be it individuals or businesses. When an individual presents a counterfeit $100 Federal Reserve Note (FRN) to a business, that business incurs significant loss. The business losses the product they sold, they lose the profit from the revenue derived from that sale, and they lose any money provided to the counterfeiter as change for the counterfeit $100 FRN (which is not an uncommon practice of counterfeiters). There are significant additional collateral consequences for the business and the community. The business incurs the cost of having to employ individuals to conduct internal audits and investigation into the passing of counterfeit notes. The community incurs the cost of having its law enforcement tasked with investigating these offenses, straining already limited resources that alternatively could be investigating significantly more serious offenses. All of this is done so the individual counterfeiter can obtain "quick" money at the expense of others.

In this particular case, the Defendant played a significant role in the manufacturing of a substantial amount of counterfeit currency. The Defendant, upon release from pre-trial detention after being arrested for the manufacture of counterfeit currency, re-engaged with manufacturing counterfeit currency and attempted to pass the counterfeit note at a local business. The nature and circumstances of this case warrant a sentencing sufficient to reflect the seriousness of the Defendant's acts and her repeated disregard for the law. A sentence of 30 months is a measured sentenced appropriate to portray the seriousness of her actions and promote respect for the law.

In additional to considering the nature and circumstances of the offense, the Court must consider the characteristics and criminal history of the Defendant. A review of the personal characteristics contained in the PSIR, do highlight a childhood that had significant hurdles that likely played a significant role in the Defendant's future engagement with criminal acts and controlled substances. ECF No. 249, ¶¶150-159. It is clear from the PSIR, the Defendant has a significant drug addiction that

United States' Sentencing Memorandum- 3

warrants further treatment beyond that which she has already participated. ECF No. 249, ¶¶160-173. However, while the above may provide mitigation worth considering, such mitigation is offset by the Defendant's accumulation of a significant criminal history in the short period of time she has been alive. The Defendant's criminal history ranges from misdemeanors to felonies. The Defendant in 2019 entered into a deferred prosecution for Fourth Degree Assault, however after only nine months of deferral, the Defendant's deferral was revoked and she was sentenced to 15 days in jail. Most relevant to the matter before the Court is the Defendant's conviction in February 2020 for Forgery with Intent to Injure or Defraud where the Defendant was sentence to 30 days home confinement. ECF No. 249, ¶121. In that case, the Defendant was arrested after a report of she and other individuals using counterfeit $100 FRNs. Upon her arrest, "officers discover multiple items used for counterfeiting dollar bills, multiple $100 bills…" ECF No. 249, ¶126. Furthermore, as noted in the PSIR, many of the Defendant's prior convictions resulted in supervision or probation, yet the Defendant continued undeterred from engaging in criminal acts.

A sentence of 30 months, followed by 3 years of supervised release appropriately balances the seriousness of the Defendant's acts in this matter, her disregard for the law, and her criminal history against the mitigating factors provided in the PSIR.

A sentence of 30 months, followed by 3 years supervised release is also appropriate because it will give the Defendant an opportunity to avail herself of the many programs within the Federal Bureau of Prison system. These programs range from mental health and drug treatment to educational and vocational training. Any and all of these programs, if used properly, should help the Defendant become a more productive member of society upon her release. Similarly, a sentence of 3 years supervision will provide the Defendant upon her release the assistance of a United States Probation Officer to ensure she continues to engage in any treatment, education,

United States' Sentencing Memorandum- 4

and vocational training she needs to avoid relapsing into the lifestyle she maintained prior to her arrest and detention.

The United States acknowledges a lengthy period of incarceration may delay the Defendant's ability to pay any restitution that may be ordered in this case. However, when weighing the significantly egregious behavior of the Defendant against the risk of delayed restitution, the United States maintains a sentence of 30 months is appropriate.

The United States is requesting restitution in the following amounts:

(a) $218.98 to BECU Financial Crimes, to be served joint and several with co-Defendant Bryon Tellier; and

(b) $3,440.08 to BECU Financial Crimes, to be served solely by the Defendant.

## V.    Conclusion

Based on the foregoing, the United States recommends the Court impose a sentence that is fair and no greater than necessary to meet the interests of federal sentencing. The United States submits that sentence is a sentence of 30 months imprisonment followed by 3 years of federal supervision.

DATED: September 28, 2021.

Joseph H. Harrington
Acting United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant U.S. Attorney

United States' Sentencing Memorandum- 5

# CERTIFICATE OF SERVICE

    I hereby certify that on September 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

    Bryan Whitaker

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum- 6